UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ALEXANDER LOGAN,

        Plaintiff,

v.                               Case No. 3:08-cv-993-J-12JRK

LT. FELICIA CHESTNUT, et al.,

        Defendants.

## ORDER

### I. Status

This cause is before the Court on Defendants' (Nash, Christie, Harris, Turner, Bailey, Chestnut and Fell) Motion for Judgment on the Pleadings (Doc. #64), filed June 7, 2010, and Defendant Hope's Motion to Dismiss (Doc. #63), filed June 1, 2010. Plaintiff has responded to these motions in his June 9, 2010, Motion to Dismiss Defendant Hope's Motion (Doc. #66) and his June 16, 2010, Motion to Dismiss Defendants' Motion for Judgment on the Pleadings (Doc. #67).[1]

---

[1] Plaintiff was made aware of the provisions for responding to a motion to dismiss and/or a motion for summary judgment in the Court's Order (Doc. #23), filed October 14, 2009, and given an opportunity to respond to the Defendants' motions to dismiss or in the alternative for summary judgment.

## II. Motion for Judgment on the Pleadings

Defendants assert that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (hereinafter PLRA) and his action should be dismissed. The Prison Litigation Reform Act amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir.), cert. denied, 129 S.Ct. 733 (2008); Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted).

The Supreme Court has stated that "failure to exhaust is an affirmative defense under the PLRA[.]" Jones v. Bock, 549 U.S. at 216. However, "the PLRA exhaustion requirement is not jurisdictional[.]" Woodford v. Ngo, 548 U.S. at 101. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (recognizing that

the defense "is not a jurisdictional matter"). Upon review, Defendants (Nash, Christie, Harris, Turner, Bailey, Chestnut and Fell) filed an Answer, Affirmative Defenses and Demand for Jury Trial (Doc. #49) (hereinafter Answer) on March 15, 2010, prior to the filing of the Motion for Judgment on the Pleadings. The affirmative defense of failure to exhaust administrative remedies is not raised in the Answer. See Answer at 3.

This Court has said, "[t]he defense of exhaustion is properly raise[d] in a motion to dismiss as a 'matter of judicial administration.'" Bentley v. White, No. 2:07-cv-573-FtM-29DNF, 2009 WL 248242, at * 3 (M.D. Fla. Jan. 30, 2009) (not reported in F.Supp.2d) (citation omitted). As a result, the Court may look beyond the pleadings by the parties to determine issues of fact with regard to the exhaustion defense. See Bryant v. Rich, 530 F.3d at 1374-75 ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'") (footnote and citations omitted).

Discussing an unenumerated motion to dismiss under 12(b), Fed.R.Civ.P., based on failure to exhaust administrative remedies, the Eleventh Circuit states:

> That motions to dismiss for failure to exhaust are not expressly mentioned in Rule

> 12(b) is not unusual or problematic. "'Federal courts . . . traditionally have entertained certain **pre-answer motions** that are not expressly provided for by the rules.'" Ritza, 837 F.2d at 369 (quoting 5C Wright & Miller, *supra*, § 1360 at 77). For instance, courts may decide motions to dismiss that are "'closely related to the management of the lawsuit and might generally be characterized as involving matters of judicial administration.'" Id.; see e.g., Int'l Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1271 (8th Cir. 1995) ("**While pre-answer motions** are ostensibly enumerated in Fed.R.Civ.P. 12(b), district courts have the discretion to recognize additional **pre-answer motions**, including motions to stay cases within federal jurisdiction when a parallel state action is pending.").

Bryant v. Rich, 530 F.3d at 1375 (emphasis added). The Eleventh Circuit concludes that "exhaustion should be decided on a Rule 12(b) motion to dismiss[.]" Id. (citation omitted).

The problem here, of course, is that Defendants did not raise this affirmative defense in a pre-answer motion. Indeed, they did not even raise the affirmative defense in the Answer itself. Instead, they filed a Motion for Judgment on the Pleadings raising the defense of failure to exhaust administrative remedies, after filing an Answer lacking this particular affirmative defense.

Since the PLRA exhaustion requirement is not jurisdictional, the Court finds that this is not a matter that can be raised at any time, particularly post-answer. This matter should have been raised in a pre-answer motion so that it could be treated as a motion to dismiss based on failure to exhaust administrative

remedies. See Bryant v. Rich, 530 F.3d at 1375 (recognizing that the issue is not the proper subject for a motion for summary judgment, but allowing for the motion to be treated as a motion to dismiss, even if the issue is raised in a motion for summary judgment). Defendants' Motion for Judgment on the Pleadings, raising the affirmative defense of failure to exhaust administrative remedies but filed post-answer, is **DENIED**.

### B. Defendant Hope's Motion to Dismiss

This Court looks to the allegations in the complaint when reviewing a 12(b)(6) motion. Recently, the Eleventh Circuit explained:

> Generally, under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive a 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations," Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

Randall v. Scott, No. 09-12862, 2010 WL 2595585, at *3 (11th Cir. June 30, 2010). Simply, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

First, this Court must liberally construe Plaintiff's *pro se* Complaint (Doc. #1): "[a] document filed *pro se* is 'to be

liberally construed,' Estelle, 429 U.S., at 106, 97 S.Ct. 285, and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted)." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Plaintiff has done more than an adequate job of presenting his claims and the facts supporting those claims in his Complaint. The allegations are not vague and conclusory and they put the matters at hand in issue.

When reviewing Plaintiff's Complaint, the Court must apply the Twombly - Iqbal[2] plausibility standard. The Court will assume "that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." Randall v. Scott, 2010 WL 2595585, at *7.

In the absence of a constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a Defendant under § 1983. With respect to Defendant Hope, Plaintiff has "nudged [his] claims across the line from conceivable to plausible[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. Defendant Hope's Motion to Dismiss will be denied, and Defendant Hope will be required to respond to the Complaint.

Defendant Hope also contends that this case must be dismissed because Plaintiff failed to exhaust his available administrative remedies with respect to the claim of excessive use of force by

---

[2] Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

Defendant Hope. Upon review of the record before the Court, Plaintiff filed an emergency grievance on July 20, 2008, claiming that Defendant Hope utilized excessive force against him on July 3, 2008. Request for Administrative Remedy or Appeal, dated July 20, 2008. On July 25, 2008, the Warden responded stating it was not accepted as a grievance of an emergency nature. Response dated July 25, 2008. The response further states:

> Your appeal has been reviewed and evaluated. **The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General. A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.**
>
> As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

Id. (emphasis added).

Since the complaint of excessive force was forwarded to the Inspector General's Office to be included as a part of the review of the subject matter already under consideration, Defendant Hope's Motion to Dismiss for failure to exhaust administrative remedies will be denied.

Therefore, it is now

**ORDERED:**

1. Defendants' (Nash, Christie, Harris, Turner, Bailey, Chestnut and Fell) Motion for Judgment on the Pleadings (Doc. #64), filed June 7, 2010, is **DENIED**.

2. Defendant Hope's Motion to Dismiss (Doc. #63), filed June 1, 2010, is **DENIED**. Defendant Hope shall respond to the Complaint within **THIRTY (30) DAYS** from the date of this order.

3. Plaintiff's June 9, 2010, Motion to Dismiss Defendant Hope's Motion (Doc. #66) is construed to be a response to Defendant Hope's Motion to Dismiss, and the Clerk shall terminate the motion (Doc. #66).

4. Plaintiff's June 11, 2010, Motion to Dismiss Defendants' Motion for Judgment on the Pleadings (Doc. #67) is construed to be a response to Defendants' Motion for Judgment on the Pleadings, and the Clerk shall terminate the motion (Doc. #67).

**DONE AND ORDERED** at Jacksonville, Florida, this 25TH day of August, 2010.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 8/12
c:
James Alexander Logan
Ass't A.G. (Sanford)