UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JAMES ALEXANDER LOGAN,

          Plaintiff,

v.                                  Case No. 3:08-cv-993-J-12JRK

LT. FELICIA CHESTNUT, et al.,

          Defendants.

---

## ORDER

### I. Status

This cause is before the Court on Defendants' (Espino and Crews) Motion to Dismiss Under the Three Strikes Provision of the PLRA (Doc. #92), filed December 30, 2010. Plaintiff's Response in Opposition (Doc. #93) was filed on January 10, 2011.[1]

### II. Three Strikes Provision

The Prison Litigation Reform Act (hereinafter PLRA), which amended 28 U.S.C. § 1915, contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed

---

[1] Plaintiff was made aware of the provisions for responding to a motion to dismiss and/or a motion for summary judgment in the Court's Order (Doc. #23), filed October 14, 2009.

> on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (1998).

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. As recently noted, "[t]he Eleventh Circuit has determined that dismissals without prejudice for failure to exhaust administrative remedies and dismissals for abuse of judicial process are also properly counted as strikes." Bryant v. Wade, No. 1:10-CV-25 (WLS), 2011 WL 1123400, at *2 (M.D. Ga. Mar. 2, 2011) (Order and Recommendation) (citing Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by Jones v. Block, 549 U.S. 199 (2007); Allen v. Clark, 266 Fed. Appx. 815, 817 (11th Cir. 2008) (per curiam) (not selected for publication in the Federal Reporter), cert. denied, 129 S.Ct. 49 (2008); Sallen v. Valdosta State Prison, No. 7:08-cv-19 (HL), 2008 WL 345614 (M.D. Ga. Feb. 6, 2008) (not reported in F.Supp.2d)).

Defendants ask this Court to take judicial notice of three cases, 2:01-cv-588-FtM-29DNF, 2:02-cv-66-FtM-29DNF, and 2:02-cv-184-FtM-29DNF, and submits that these cases constitute three strikes under 28 U.S.C. § 1915(g). This Court will take judicial notice of these three cases, as requested. Furthermore, the Court

will consider whether the three cases constitute strikes under the three-strikes provision.

Upon review of Logan v. Savage, et al., Case No. 2:01-cv-588-FtM-29DNF, the case was dismissed without prejudice for failure to exhaust administrative remedies in the Court's Order (Doc. #5), filed November 9, 2001. Plaintiff admitted that he had not exhausted his administrative remedies. Id. at 1. It qualifies as a strike.

Upon review of Logan v. Licata, 2:02-cv-66-FtM-29DNF, the case was dismissed without prejudice for failure to exhaust administrative remedies. See the Court's Order (Doc. #4), filed February 26, 2002. At first blush, this dismissal would appear to constitute a strike. However, this Court is reluctant to consider this case as a strike because it appears that the Plaintiff complied with all of the requirements to exhaust his administrative remedies. Attached to the Complaint (Doc. #1) is a grievance to the warden, dated November 28, 2001, which is responded to on November 29, 2001, stating that the allegations have been referred to the Inspector General's Office. Plaintiff submitted a Request for Administrative Remedy or Appeal, entitled formal grievance, dated December 2, 2001, to the Superintendent. (Doc. #1). The response, dated December 5, 2001, states the following:

> Your request for administrative remedy has been reviewed and evaluated. The subject of your grievance is currently being reviewed by the investigative section of the Office of the

> Inspector General. A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling. As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.
>
> You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

Id.

In compliance with the directive above, Plaintiff appealed to the Secretary of the Florida Department of Corrections in a Request for Administrative Remedy or Appeal, dated December 9, 2001. (Doc. #1). The response to his appeal, dated December 21, 2001, states:

> Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.
>
> **Your administrative appeal is denied.**

Id. (emphasis added).

In its Order dismissing Case No. 2:02-cv-66-FtM-29DNF, the Court recognized that Plaintiff had attached a copy of his appeal, but then said Plaintiff had not provided any information/documentation regarding the outcome of the investigation by the Office of the Inspector General. Doc. #4 at

2. The Court concluded that, until the Inspector General's investigation is concluded, administrative remedies have not been exhausted. Id.

In the Florida Department of Corrections, in order to exhaust administrative remedies, an inmate is required to "(1) file an informal grievance to the staff member responsible for the particular area of the problem, Fla. Admin. Code Ann. r. 33-103.005(1)(a);[2] (2) file a formal grievance with the warden's office, id. at r. 33-103.006(1); and (3) submit an appeal to the Office of the Secretary of the FDOC, id. at r. 33-103.007(1)." Parzyck v. Prison Health Services, Inc., 627 F.3d 1215, 1218 (11th Cir. 2010). All Plaintiff had to do was comply with these requirements and complete "the administrative review process before filing his original complaint." Id. at 1219.

It should be noted that Plaintiff did not agree to any extensions in the response times for the administrative officials. See Request for Administrative Remedy or Appeal, dated December 2, 2001, and Request for Administrative Remedy or Appeal, dated December 9, 2001, both marked with #0 and Plaintiff's signature concerning the number of extensions agreed to by Plaintiff. Pursuant to the Florida Administrative Code, 33-103.011(4) "[i]f the inmate does not agree to an extension of time at the central

---

[2] At the time of Plaintiff's grievance, the appropriate administrative code citation was 33-103.005(1).

office level of review, he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies."

Plaintiff's filing of Case No. 2:02-cv-66-FtM-29DNF in this Court on February 20, 2002, was done after completion of the exhaustion of his administrative remedies as set forth in the grievance procedures promulgated by the Florida Department of Corrections. Therefore, this Court will not consider Case No. 2:02-cv-66-FtM-29DNF to constitute a strike under 28 U.S.C. § 1915(g).[3]

Lastly, the Court will consider whether Case No. 2:02-cv-184-FtM-29DNF constitutes a strike. Upon review, Plaintiff was ordered to complete and return service forms. Order (Doc. #6). Plaintiff failed to return completed service forms in a timely fashion, and his complaint was dismissed without prejudice. Id.[4]

---

[3] The Court, however, acknowledges, that Case No. 2:02-cv-66-FtM-29DNF, was dismissed without prejudice in order to allow for a complete investigation of Plaintiff's complaints by the Inspector General's Office prior to judicial review of the matter. Ultimately, the claims were brought before this Court in Logan v. Licata, et al., Case No. 2:02-cv-285-FtM-29DNF, and the case was resolved by settlement.

[4] After the case was dismissed, it was alleged that the forms were mailed back to the Court in a timely fashion, but the envelope was returned to Plaintiff marked as having insufficient postage. Case No. 2:02-cv-184-FtM-29DNF (Doc. #9). Apparently, Plaintiff was being assisted by another inmate in attempting to complete and return the forms to the Court.

Respondents assert that this failure to obey a court order constitutes a strike as an abuse of the judicial process. Again, this Court is reluctant to find that the dismissal for failure to return completed Marshal's forms constitutes a strike for purposes of 28 U.S.C. § 1915(g). In <u>Allen v. Clark</u>, 266 Fed.Appx. at 817, one of the cases considered as a strike was dismissed pursuant to a local failure to prosecute rule, combined with the court's finding that the plaintiff's response to the court's order to show cause why the case should not be dismissed for failure to prosecute and failure to serve process was frivolous. The Eleventh Circuit specifically held: "[a] dismissal for failure to prosecute made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g)." <u>Id</u>. at 817.

In Case No. 2:02-cv-184-FtM-29DNF, no order to show cause was issued; therefore, Plaintiff did not have an opportunity to show cause why the case should not be dismissed for failure to prosecute. Consequently, there was no "frivolous" response to an order to show cause, as there was in <u>Allen v. Clark</u>. Instead, there was a simple failure to return Marshal's forms in a timely fashion. <u>See</u> <u>Morefield v. Brewton</u>, No. CV607-073, 2008 WL 5209984, at *2 (S.D. Ga. Dec. 11, 2008) (not reported in F.Supp.2d) (denying a motion to dismiss based on three strikes, distinguishing <u>Allen v. Clark</u>, and finding the dismissal of an appeal for want of prosecution due to failure to pay a filing fee did not constitute

a strike). Under the particular circumstances of the case at bar, with just a failure to return Marshal's forms in a timely fashion, the Court finds that Case No. 2:02-cv-184-FtM-29DNF does not constitute a strike.

In sum, after careful consideration of the three cases, Case Nos. 2:01-cv-588-FtM-29DNF, 2:02-cv-66-FtM-29DNF, and 2:02-cv-184-FtM-29DNF, the Court concludes that two of the three cases referenced by Defendants do not constitute strikes. Therefore, Defendants' Motion to Dismiss Under the Three Strikes Provision of the PLRA (Doc. #92) is due to be denied.

Accordingly, it is now

**ORDERED**:

1. Defendants' (Espino and Crews) Motion to Dismiss Under the Three Strikes Provision of the PLRA (Doc. #92), filed December 30, 2010, is **DENIED**.

2. Defendants (Espino and Crews) shall respond to the Complaint within **THIRTY (30) DAYS** from the date of this order.

**DONE AND ORDERED** at Jacksonville, Florida, this 13TH day of April, 2011.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 4/1
c:
James Alexander Logan
Ass't A.G. (Sanford)