FILED
2012 JUL -5 PM 2:[?]
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ALEXANDER LOGAN        Case No: 3:08-993-J-JRK
Plaintiff            PRO SE

V

Lt. FELICIA CHESTNUT ET. AL
Defendant(s)

## Plaintiff Motion For New Trial Based On Alleged Misconduct

COMES NOW, Plaintiff JAMES ALEXANDER LOGAN PRO SE by and through himself in PROPER PERSON, pursuant Rule 60(b)(3) Fed. R. Civ. P. herein Plaintiff will show to the court the following:

(1). Plaintiff contends the defendant(s) altered the authenticity of the evidence that was provided to Plaintiff on 2-26-10 for review and inspection which Plaintiff contends that Plaintiff placed his initials on dvds mark as exhibit(s) (A-1-3) (see) (doc: 43) (doc: 45) and (doc: 48) (doc: 50) (doc: 56). And (see) defendant(s) (doc: 80) and (80-1) dated 9-24-10 were fix-wing camera time that was provided to Plaintiff at 11:16 a.m. through 11:58 a.m. (see) Plaintiff acknowledgement dated 2-26-10 and dated 2-23-10.

(2). Plaintiff contends that on set of trial defendant(s) played the altered dvd fix wing camera which Plaintiff raised and objection and moved for sanction pursuant 37(A) Fed. R. Civ. P. and the court sustained the objection, Plaintiff arguing that defendant(s) knowingly intentionally tampering with the authenticity evidence by altering it pure form with a knowingly intentionally act to decit the court, the jury and Plaintiff by altered the dvds in this case (see) (doc: 131) Plaintiff timely filed pretrial narrative statement exhibit list at exhibit (A-1-3) (dvds) which Plaintiff signed and initial on 2-23-10 and 2-26-10 (see) (doc: 80 at 1-5). And (doc: 80-1) dated 9-24-10 filed by Mr. J. Santora (Also) defendant(s) exhibit(s) (A. b1-b2) (doc: 167) dated 6-8-12. Plaintiff contend the court sustained the objection and further stated the defendant(s) didn't lay the proper credity to play the dvd and sustained this objection and stated that the dvd fix wing video will not be played in the courthouse and therefore the dvd should have been stricken from this case on 6-26-12.

P.(1).

(3). Plaintiff contends that the court erred on not instructing the jury on the portion of the altered dvd fix-wing camera missing from it, As ms. Clance testified that she never reviewed those dvds with Plaintiff on those dated Plaintiff mention, but the Acknowledgement shows Plaintiff saw all those dvds videos and sworn under oath Plaintiff signed them dvds. Plaintiff contends that the court sustained its objection that defendant(s) haven't layed the proper credit to display the dvds and stated that the dvds will not be played in the courtroom, but yet the court still allowed the defendant(s) to play it without giving a reason why the court went against its prior ruling on June 26, 2000.

(4). Plaintiff contends based on alleged misconduct pursuant to a Rule 60(b)(3). motion a final judgement may be set aside in the event of fraud, and/or misrepresentation or other misconduct of an adverse party. The granting of Rule 60(b)(3) relief rests within the sound discretion of the trial court and should be liberally construed (citing) ROZIER V FORD motor co. 573 F.2d. 1332, 1346 (5th Cir. 1978). The conduct complained of, must be tantamount to preventing the losing party from fully and fairly presenting his defense on review, the only inquiry is whether there has been abuse of discretion. (citing) FACKELMAN V BELL 564 F.2d 734, 735 (5th Cir. 1977). The court held: In, Addition a Rule 60(b)(3) motion cannot substitute for an appeal.

(5). Plaintiff contends that the fix wing video Plaintiff seen on 2-26-00 which Plaintiff signed and initial clearly showed that defendant(s) Turner, Hernandez during feeding on the wing and refused to feed Plaintiff (see) Plaintiff Exhibit(s) (K) and J (at 16-08) And the video would have shown c/o crews marching checks on the wing coming to Plaintiff cell, as well c/o bailey and Christie coming to Plaintiff cell, Plaintiff contend that the "Authenticity Evidence" was altered by defendant(s) in violation of Rule 60(b)(3) Fed. R. Civ. P. And by the court fail to instruct the jury on such facts violated Plaintiff due process of law and a new trial must be granted based on trial court errors.

P.(2).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true and correct copy of the foregoing has been placed into the hands of prison officials to be mail to the United States district court middle district of Florida, Jacksonville division office of the Clerk 300 North Hogan Street, Suite 9-150 Jacksonville Florida 32202 And to Attorney General office the Capitol PL-01 Tallahassee Florida 32399-1050 to MR. Mark Hicks on July 1, 2012

Respectfully Submitted
/s/ James A Logan
James A Logan
# L00683
Union Corr. Inst.
7819 N.W. 228th St.
Raiford, Fl 32026
<u>Pro Se</u>

P.(3)